UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| LARRY DARNELL JONES, # 146246, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JEREMY JOHNSON, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 1:17-cv-406 <br><br> Honorable Robert J. Jonker |

### REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff complaint arises out of conditions of his confinement at the Bellamy Creek Correctional Facility. Plaintiff alleges that on May 13, 2016, Corrections Officer Jeremy Johnson used excessive force against him in violation of his Eighth Amendment rights.[1]

The matter is before the Court on plaintiff's motion for a preliminary injunction or TRO (ECF No. 69), plaintiff's motion for summary judgment (ECF No. 67), and defendant's motion for summary judgment based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a) (ECF No. 49). For the reasons set forth herein, I recommend that the motions be denied.

### Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no

---

[1] All other claims have been dismissed. (ECF No. 9, 10, 32-33).

genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x

996, 1001, 2017 WL 384874, at *4 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*,

270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Defendant has asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The

Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[2] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district

---

[2] A copy of the policy directive is found in the record. *See* ECF No. 50-2, PageID.670-76.

court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

## **Proposed Findings of Fact**

The following facts are beyond genuine issue. On May 13, 2016, plaintiff was an inmate held in the custody of the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC). Corrections Officer Jeremy Johnson was employed by the MDOC at ICF on that date.

Plaintiff filed a number of grievances and pursued some of them through a Step III decision before he filed this lawsuit. (ECF No. 50-3, PageID.678-724) One grievance warrants further discussion.

On May 16, 2016, IBC's grievance coordinator received a grievance from

plaintiff and assigned it Grievance No. IBC-2016-05-1159-17Z. (ECF No. 50-3, PageID.704). In this grievance, plaintiff complained that on May 13, 2016, when Officer Johnson applied handcuff's for plaintiff's move from his cell to the a medical appointment, the handcuffs were too tight. Plaintiff claimed that defendant used excessive force and that he suffered wrist injuries. (*Id.*). Plaintiff's grievance was denied at Step I. (*Id.* at PageID.705).

Plaintiff's Step II appeal was rejected because it was untimely. (*Id.* at PageID.703). On June 30, 2016, IBC grievance coordinator sent plaintiff a Step II appeal form which indicated that plaintiff's Step II appeal must be received by July 22, 2016. (ECF No. 60-1, PageID.829). Plaintiff's Step II appeal was received on August 12, 2016, well after the deadline had passed. (ECF No. 50-3, PageID.703).

Plaintiff pursued an appeal to Step III where he received the following response:

> Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".
>
> **Your Step III Appeal is hereby denied[.]  The grievance identifier has been changed from 17Z to 28e at Step II.**[]
>
> THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

(*Id.* at PageID.701).

On May 4, 2017, plaintiff filed this lawsuit.

## **Discussion**

**I.    Plaintiff's Motion for a TRO or Preliminary Injunction**

Plaintiff seeks a TRO or preliminary injunction regarding his maximum discharge date. He disagrees with Michigan's calculation of the last date he can be held in the MDOC's custody based on his current criminal convictions. Plaintiff asks the Court to enter an order against defendant's attorney and defendant compelling the MDOC to change his maximum discharge date from March 6, 2024, to May 7, 2018. (ECF No. 69, PageID.902).

Temporary restraining orders and preliminary injunctions are extraordinary remedies. *See Platt v. Board of Commissioners on Grievances & Discipline of Ohio Sup. Ct.*, 769 F.3d 447, 453 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *see also* FED. R. CIV. P. 65. Because they are extraordinary remedies, such relief is only granted where movant carries his burden of proving that the circumstances clearly demand it. *See Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). The four factors this court is to consider on motions for a TRO or preliminary injunction are well-established. *See McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012); *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

Plaintiff misperceives the purpose of a TRO or preliminary injunction. The purpose of such relief "is simply to preserve the status quo." *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004). The availability of a TRO or preliminary injunction is inextricably intertwined with the merits of the underlying

claim. For this reason, one of the principal factors in determining a plaintiff's entitlement to relief is the likelihood that the plaintiff will succeed on the merits of his underlying claim. *See United States v. Contents of Accounts*, 629 F.3d 601, 606 (6th Cir. 2011). Hence, a party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claim pending in the complaint. *See Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010). A motion for a TRO or preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable. *See Pullen v. Conschafsky*, No. 1:16-cv-894, 2018 WL 301161, at *2 (S. D. Ohio Jan. 5, 2018). Plaintiff's motion is unrelated to any underlying claim pending in this case. *See Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (plaintiff not entitled to preliminary injunction on claims not pending in complaint).

None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests. He has not shown a strong likelihood of success on the merits of his claim. Plaintiff has not shown that an injunction is necessary to prevent irreparable harm. The public interest would not be served by granting the extraordinary relief plaintiff requests, and entry of such an order would constitute an unwarranted intrusion into the State's operation of its prisons.

Further, plaintiff cannot challenge the fact or duration of his confinement in this civil rights lawsuit. Habeas corpus is the exclusive federal remedy for a state prisoner who challenges the fact or duration of his confinement. *See Preiser v.*

*Rodriguez*, 411 U.S. 475 (1973). Plaintiff's motion for a TRO or preliminary injunction should be denied.

## II. Plaintiff's Motion for Summary Judgment

Plaintiff's motion for summary judgment (ECF No. 67) is not accompanied by the supporting brief required under the Local Civil Rules. *See* W.D. MICH. LCIVR 7.1(a). Plaintiff's motion is perfunctory and contains no developed argument explaining how he is entitled to summary judgment on his claim against defendant. Plaintiff's motion for summary judgment should be denied.

## III. Defendant's Motion for Summary Judgment

Defendant has raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against him as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220.

Defendant's motion for summary judgment relies on the Step II rejection of Grievance No. IBC-2016-05-1159-17Z. (Defendant's Brief at 6, ECF No. 50, PageID.663). Unfortunately, defendant ignores the Step III response where plaintiff's appeal was "reviewed and considered." (ECF No. 50-3, PageID.701). The Step II response was not adopted or affirmed. Because the MDOC's Step III response declined to enforce the procedural default, it cannot be enforced here. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010).

Defendant has not carried his burden under 42 U.S.C. § 1997e(a) and his motion for summary judgment should be denied.

## Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's motions (ECF No. 67, 69) and defendant's motion (ECF No. 49) be denied.


Dated:   February 6, 2018                                 /s/  Phillip J. Green
                                                          PHILLIP J. GREEN
                                                          United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).