UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY DARNELL JONES,

       Plaintiff,

CASE NO. 1:17-CV-406

v.

HON. ROBERT J. JONKER

HEIDI E. WASHINGTON, *et al*.,

       Defendants.
_____/

**ORDER APPROVING AND ADOPTING**
**REPORT AND RECOMMENDATION AS CLARIFIED**
**AND**
**AFFIRMING MAGISTRATE JUDGE'S DECISION**

1. **Report and Recommendation**

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 77), Defendant Johnson's Objections (ECF No. 82), and Plaintiff's Objections (ECF No. 87). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; Defendant's Objections; and Plaintiff's Objections. The Court finds the Magistrate Judge's Report and Recommendation, which recommends denying Plaintiff's motions for a temporary restraining order or preliminary injunction and for summary judgment (ECF Nos. 67, 69), and denying Defendant Johnson's motion for summary judgment (ECF No. 49), factually sound and legally correct.[1]

The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law. Neither Plaintiff's nor Defendant Johnson's objections have merit. Neither parties' objections address the Report and Recommendation in a persuasive way. Nothing in the objections changes the fundamental analysis. The Magistrate Judge properly concluded that the injunctive relief Plaintiff seeks directing a change in his maximum discharge date cannot be part of a § 1983 case at all. Moreover, the Magistrate Judge properly concluded that neither party is entitled to summary judgment. Plaintiff completely failed to support his request, and fact issues remain on Defendant's exhaustion defense.

After receiving the Report and Recommendation, Defendant Johnson attempted to support his position by filing an affidavit. The Court has discretion whether to consider the belatedly submitted information. 28 U.S.C. § 636(b)(1)(C) (the District Judge "may . . . receive further evidence."). This discretion prevents sandbagging of the Magistrate Judge, while at the same time leaving the door open to plenary consideration of new information in appropriate cases. Here, the information Defendant Johnson provides in his belated affidavit has been available to him all along, and the record discloses no good reason for the belated submission. Under these circumstances, the Court in its discretion declines to consider the affidavit.

---

[1] The Court clarifies that neither the Magistrate Judge nor the undersigned is making any Findings of Fact, despite the heading in the Report and Recommendation on PageID.938. As the text of the Report and Recommendation says, the Magistrate Judge is simply concluding that some issues are beyond genuine dispute on the record at this time. The undersigned agrees.

Moreover, even if the Court were to consider the belated submission, it would not change the outcome. At most there is a factual issue regarding the meaning of "reviewed and considered," as against the coding change. Plaintiff should have the opportunity to explore this in discovery.[2]

### 2. Appeal of Magistrate Judge's Decision

Plaintiff appeals the Magistrate Judge's Order denying Plaintiff's motions for settlement. (ECF Nos. 77, 78.) In considering an appeal of a magistrate judge's ruling on a non-dispositive pre-trial motion, the Court applies a "clearly erroneous or contrary to law" standard of review. *United States v. Curtis*, 237 F.3d 598, 503 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 674 (1980)); *accord Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985) (citing 28 U.S.C. § 636(b)(1)(a); *see also* FED. R. CIV. P. 72(a) (providing that district judge must consider timely objections to non-dispositive pretrial orders of magistrate judge and modify or set aside any part of order that is clearly erroneous or is contrary to law). A finding is "clearly erroneous" when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Court finds no error in the Magistrate Judge's decision denying Plaintiff's Motions for Settlement. To the contrary, the Magistrate Judge correctly points out that the Court "cannot order that plaintiff be awarded damages against defendant or receive 'good time credits' towards his prison sentence under the guise of a 'settlement.'" (ECF No. 76, PageID.932). The Order is entirely proper.

---

[2] Plaintiff has filed a document entitled "Motion for Order to Recommit" (ECF No. 85). The motion is difficult to understand, but it appears that the Plaintiff is seeking further consideration of evidence by the Magistrate Judge. In light of the Court's decision to deny the motions for summary judgment, the relief Plaintiff appears to seek is unnecessary, and the Court **dismisses** the motion as moot. Discovery will unfold in the usual course.

3

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge as Clarified (ECF No. 77) is **APPROVED AND ADOPTED**.

2. Plaintiff's Motions for Temporary Restraining Order or Preliminary Injunction (ECF No. 67) and for Summary Judgment (ECF No. 69) are **DENIED**.

3. Plaintiff's Motion to Recommit (ECF No. 85) is **DISMISSED AS MOOT**.

4. Plaintiff's Appeal of Magistrate Judge's Decision (ECF No. 78) is **OVERRULED**. The Order of the Magistrate Judge (ECF No. 76) is **AFFIRMED**.

5. Defendant Johnson's Motion for Summary Judgment (ECF No.49) is **DENIED**.


Dated:   March 30, 2018             /s/ Robert J. Jonker
                                                      ROBERT J. JONKER
                                                      CHIEF UNITED STATES DISTRICT JUDGE