UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| LARRY DARNELL JONES, # 146246, | |
| Plaintiff, | Case No. 1:17-cv-406 |
| v. | Honorable Robert J. Jonker |
| JEREMY JOHNSON, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint arises out of conditions of his confinement at the Bellamy Creek Correctional Facility. Plaintiff alleges that, on May 13, 2016, Corrections Officer Jeremy Johnson used excessive force against him in violation of his Eighth Amendment rights.[1]

Plaintiff recently obtained release from prison on parole. On April 26, 2018, he filed a notice of interlocutory appeal. (ECF No. 98). On the same date, plaintiff filed the application for leave to proceed *in forma pauperis* on appeal. (ECF No. 99). For the reasons set forth herein, I recommend that the Court certify under 28 U.S.C. § 1915(a)(3) that plaintiff's interlocutory appeal is not taken in good faith and deny his application for leave to proceed *in forma pauperis* on appeal.

---

[1] All other claims have been dismissed. (ECF No. 9, 10, 32, 33).

**Proposed Findings of Fact**

Plaintiff was an inmate at the Oaks Correctional Facility when he filed this lawsuit. (ECF No. 1, PageID.22-23). Because plaintiff had "filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim," he was required to pay the civil action filing fee and denied leave to proceed *in forma pauperis*.[2] (ECF No. 5, 6).

In March 2018, the Michigan Department of Corrections released plaintiff from prison on parole. (ECF No. 93, 94). On April 26, 2018, plaintiff filed a notice of interlocutory appeal of the following:

- 5/15/17 Opinion Denying Leave to Proceed *In Forma Pauperis* – Three Strikes (ECF No. 5);

- 5/15/17 Order Denying Leave to Proceed *In Forma Pauperis* – Three Strikes (ECF No. 6);

- 6/2/17 Opinion (ECF No. 9);

- 6/2/17 Order for Partial Dismissal and Partial Service (ECF No. 10);

- 6/2/17 Order Denying TRO and Preliminary Injunction (ECF No. 11);

---

[2] *See Jones v. Birkett*, 545 U.S. 1112 (2005) (finding that plaintiff had "repeatedly abused [the] Court's process," dismissing his application to proceed *in forma pauperis*, and directing the Clerk not to accept any further petitions from plaintiff in noncriminal matters unless he paid the docketing fee); *Jones v. Kolb*, 91 F. App'x 367, 369 (6th Cir. 2003) ("The district court properly exercised its authority to issue an injunction to prevent Jones, a prolific litigant, from filing further actions without first obtaining leave of court."); *Jones v. Kolb*, 83 F. App'x 779, 781 (6th Cir. 2003) (dismissing plaintiff's claim that the this Court erred in denying him pauper status on appeal).

- 6/2/17 Order Denying Motion for an Extension of Time to Amend Complaint (ECF No. 12);

- 7/19/17 Order Denying Motion for Reconsideration (ECF No. 24);

- 7/27/17 Opinion (ECF No. 32);

- 7/27/17 Order for Partial Dismissal (ECF No. 33);

- 8/15/17 Order (ECF No. 48);

- 8/23/17 Case Management Order (ECF No. 51);

- 8/26/17 Order (ECF No. 54);

- 9/8/17 Order (ECF No. 62);

- 2/6/18 Report and Recommendation (ECF No. 77);

- 2/23/18 Order Granting in Part and Denying in Part Motion for an Extension of Time to File Objections (ECF No. 84); and

- 3/30/18 Order Approving and Adopting Report and Recommendation (ECF No. 95).

(ECF No. 98).

## Discussion

This is not a case where the parties consented to the exercise of plenary jurisdiction by a magistrate judge. Any review of the report and recommendation lies with the district judge, not the United States Court of Appeals for the Sixth Circuit. 28 U.S.C. § 636(b)(1); *see Carter v. Livesay*, No. 89-5197, 1989 WL 33144, at *1 (6th Cir. Apr. 5, 1989); *see also Jones v. Calkins*, No. 88-1797, 1988 WL 114009, at *1 (6th Cir. Oct. 24, 1988) ("An order of the magistrate is not appealable unless the magistrate is given plenary jurisdiction by the district court and by consent of the parties pursuant to 28 U.S.C. § 636(c)(1).").

" '[A] court speaks officially only through its orders, not its opinions.' " *United*

*States v. Martin*, 913 F.2d 1172, 1175 (6th Cir. 1990) (quoting *Flannigan v. Consol. Rail Corp.*, No. 88-2162, 1989 WL 130634, at *2 (6th Cir. Nov. 2, 1989) (*per curiam*)). " '[A]ppellate courts review judgments, not statements in an opinion.' " *Wheeler v. City of Lansing*, 660 F.3d 931, 940 (6th Cir. 2011) (quoting *ASARCO, Inc. v. Sec'y of Labor*, 206 F.3d 720, 722 (6th Cir. 2000)).

Generally, the courts of appeals have jurisdiction over final decisions of district courts, *see* 28 U.S.C. § 1291, and over interlocutory orders under certain circumstances, *see* 28 U.S.C. § 1292. The Court has not entered a final judgment in this case resolving all plaintiff's claims against all parties. *See* 29 U.S.C. § 1291*; In re Saffady*, 524 F.3d 799, 802 (6th Cir. 2008) ("A decision that is final, and therefore appealable, under § 1291 is one 'that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' ") (quoting *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 497 (1989)). "Partial dismissals are not appealable final decisions under 28 U.S.C. § 1291 and ordinarily become reviewable only after an action reaches a final judgment. . . . A partial dismissal is not 'reviewable' until it can be appealed — generally, when it 'merges' into a final, appealable judgment." *Kalama v. Matson Navigation Co.*, 875 F.3d 297, 304-05 (6th Cir. 2017). "[A]n order is only final, and therefore appealable, when all the claims as to all parties have been resolved." *United States v. $525,695.24, Seized From JPMorgan Chase Bank Investment Account*, 869 F.3d 429, 434 (6th Cir. 2017).

Interlocutory appeals are permitted "sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). This is not an exceptional

case.  The orders that plaintiff seeks to challenge on interlocutory appeal are not the type of orders for which interlocutory appeal is appropriate.  The orders do not involve a "controlling question of law as to which there is substantial ground for difference of opinion" and an immediate appeal from the orders would not "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); *see* FED. R. CIV. P. 54(b); *see also Jackson v. Jernigan*, No. 17-5671, 2017 WL 6345757, at *1 (6th Cir. Aug. 30, 2017) (dismissing appeal for lack of jurisdiction where the district court did not certify its order "as a final judgment for an interlocutory appeal under Federal Rule of Civil Procedure 54(b)" or "for immediate appeal under 28 U.S.C. § 1292(b).").

Plaintiff's application for leave to proceed *in forma pauperis* on appeal must satisfy the requirements of Rule 24 of the Federal Rules of Appellate Procedure.  This case does not involve a "party who was permitted to proceed *in forma pauperis* in the district court action[.]"  FED. R. APP. P. 24(a)(3).

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  "Good faith" under § 1915(a)(3) is an objective standard.  Plaintiff is required to demonstrate that the issues he seeks to raise on appeal are not frivolous.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The three issues plaintiff intends to raise through an interlocutory appeal (ECF No. 98, PageID.1107, 1110, 1111) are frivolous.[3]  Plaintiff's disagreement with the dismissal of his purported retaliation claim against defendant

---

[3] Although plaintiff attached additional orders to his notice of appeal, he did not comply with Rule 24(a)(1)(C) because he failed to "state the issues [he] intends to present on appeal" regarding those orders.  FED. R. APP. P. 24(a)(1)(C).

Johnson is not a legal basis for disturbing that decision. (ECF No. 98-1, PageID.1167). Plaintiff's requests for a TRO or preliminary injunction regarding his maximum discharge date remain unrelated to any underlying claim in this case. (*Id.* at PageID.1120, 1131). Plaintiff provided no developed argument and the evidence he presented did not approach satisfying his burden of proof as a plaintiff seeking summary judgment. (*Id.* at PageID.1120, 1125, 1132).

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Court certify under 28 U.S.C. § 1915(a)(3) that plaintiff's interlocutory appeal is not taken in good faith and deny his application for leave to proceed *in forma pauperis* on appeal (ECF No. 99).


Dated:   May 9, 2018                              /s/  Phillip J. Green
                                                  PHILLIP J. GREEN
                                                  United States Magistrate Judge


## **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).