UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY DARNELL JONES,

    Plaintiff,

v.

                        CASE NO. 1:17-CV-406

HEIDI E. WASHINGTON,                   HON. ROBERT J. JONKER

    Defendant.
_____/

## ORDER

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 102) and Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 103). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 Wright, Miller, & Marcus, Federal Practice and Procedure § 3070.2, at 381 (2 ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Petitioner's objections.  The Court finds the Magistrate Judge's Report and Recommendation (ECF No. 102) factually sound and legally correct.

On April 26, 2018, Plaintiff filed a notice of interlocutory appeal and an application for leave to proceed *in forma pauperis* on appeal.  (ECF Nos. 98, 99.)[1]  The Magistrate Judge recommends that the Court certify under 28 U.S.C. § 1915(a)(3) that Plaintiff's interlocutory appeal is not taken in good faith and deny his application for leave to proceed *in forma pauperis* on appeal.  (ECF No. 102.)

Plaintiff objects to the Magistrate Judge's recommendation principally because, according to Plaintiff, the substantive issues he wishes to pursue on appeal are not frivolous.  (ECF No. 103, PageID.1220.)  Plaintiff's objections are unavailing.  This Court denied Plaintiff leave to proceed *in forma pauperis* at the outset of his case under the "three-strikes" rule of 28 U.S.C. § 1915(g). Plaintiff was ordered to pay the full civil action filing fee within 28 days.  (ECF No. 6.)  The docket reflects that he did so.  The same rule bars Plaintiff from proceeding *in forma pauperis* on appeal. Moreover, Plaintiff has advanced no good faith basis for appeal.  The Sixth Circuit determined that his only appealable order is the portion of the March 30, 2018 order denying Plaintiff's motion for a preliminary injunction.  (ECF No. 104, PageID.1230.)  Plaintiff sought a preliminary injunction compelling the MDOC to change Plaintiff's maximum discharge date from March 6, 2024, to May 7, 2018.  The relief Plaintiff sought through the injunction is unrelated to any underlying claim in the case.  *See Ball v. Famiglio*, 396 F. App'x, 836, 837 (3d Cir. 2010) (plaintiff not entitled to preliminary injunction on claims not pending in complaint).  Habeas corpus, not § 1983, provides the federal remedy for a state prisoner challenging the fact or duration of his

---

[1] The Sixth Circuit has dismissed Plaintiff's appeal in part, finding that only issues relating to the March 30, 2018 denial of Plaintiff's motion for a preliminary injunction may be raised in his interlocutory appeal.  (ECF No. 104, PageID.1231.)

confinement.  Finally, Plaintiff appears to acknowledge that he "recently obtained release from prison on parole."  (ECF No. 103, PageID.1219.)  Under these circumstances, there is no good faith basis for interlocutory appeal under 28 U.S.C. § 1915(a)(3).

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 102) is **APPROVED AND ADOPTED** as the Opinion of this Court.

2. Plaintiff's application for leave to proceed *in forma pauperis* on appeal (ECF No. 99) is **DENIED**.  Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire filing fee for appealing a civil action, which is $505.00, to the Clerk of this Court.  Plaintiff's failure to comply with this order may result in dismissal of this appeal without prejudice by the Sixth Circuit Court of Appeals.


Dated:      July 5, 2018                     /s/ Robert J. Jonker
                                                                          ROBERT J. JONKER
                                                                          CHIEF UNITED STATES DISTRICT JUDGE