UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY JONES, #146246,

        Plaintiff,                            Hon. Robert J. Jonker

v.                                                 Case No. 1:17-cv-406

HEIDI WASHINGTON, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

      This matter is before the Court on Defendant Johnson's Motion for Summary Judgment (ECF No. 112) and Plaintiff's Motion for Summary Judgment (ECF No. 127). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied, Defendant's motion be granted, and this matter terminated.

**BACKGROUND**

      Plaintiff initiated this action on May 4, 2017, alleging various constitutional violations against numerous individuals. (ECF No. 1). On June 2, 2017, the Honorable Robert J. Jonker ordered that Plaintiff's claims, with one exception, be dismissed for failure to state a claim. (ECF No. 9-10). The single claim permitted to go forward was Plaintiff's claim that Defendant Jeremy Johnson violated Plaintiff's rights by employing excessive force during a May 13, 2016 incident. (*Id.*). Plaintiff subsequently amended his complaint, but, again, Judge Jonker ordered that Plaintiff's claims, save Plaintiff's

-1-

use of excessive force claim against Defendant Johnson, be dismissed for failure to state a claim. (ECF No. 32). Defendant Johnson now moves for summary judgment as to Plaintiff's sole remaining claim. Plaintiff has responded by filing his own motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must

instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Thus,

summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."  *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## **ANALYSIS**

Plaintiff alleges that, on May 13, 2016, Defendant Johnson secured him in handcuffs in a manner that violated his Eighth Amendment right to be free from cruel and unusual punishment.  (ECF No. 25 at PageID.426).  The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment.  U.S. Const. amend. VIII.  Excessive use of force that results in the unnecessary and wanton infliction of pain violates this provision.  *See Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Claims alleging the excessive use of force have both a subjective and an objective component.  *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

The objective component of the analysis examines whether the pain or deprivation allegedly suffered by the prisoner was "sufficiently serious" to implicate the Eighth Amendment.  *Ibid.*  To be "sufficiently serious," the prison official's act or omission must deny the prisoner of "the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), as defined by contemporary standards of decency. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004).  While the Eighth Amendment does not prohibit every *de minimis* use of physical force, where "prison officials maliciously and sadistically use force to cause harm," contemporary standards of decency

"always are violated" regardless whether the force applied was *de minimis* or resulted in injury. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).

The subjective component of the analysis examines whether the prison official's conduct reflected "obduracy and wantonness" or was instead the product of "inadvertence or error in good faith." *Wilson*, 501 U.S. at 299. In this respect, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. 320-21. When evaluating whether a prison official's conduct falls short of this standard, the Court must consider the following factors: (1) the need for the application of force, (2) the relationship between such need and the force used, (3) the threat reasonably perceived by the prison official, and (4) any efforts undertaken to temper the severity of the response. *Hudson*, 503 U.S. at 7. The absence of injury, while relevant, is not dispositive. *Ibid.* As the Supreme Court recently observed:

> When prison officials maliciously and sadistically use force to cause harm, the Court recognized, contemporary standards of decency always are violated. . .whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.
>
> This is not to say that the absence of serious injury is irrelevant to the Eighth Amendment inquiry. [T]he extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. The extent of injury may also provide some indication of the amount of force applied. As we stated in *Hudson,* not every malevolent touch by a prison guard gives rise to a federal cause of action. The

> Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim.
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.

*Wilkins v. Gaddy*, 559 U.S. 34, 36-38 (2010) (internal citations and quotations omitted).

In support of his motion for summary judgment, Defendant has submitted: (1) a "security video"; (2) an "internal affairs report"; (3) copies of Plaintiff's medical records; and (4) affidavits executed by himself, Jared Buchin, Eric Meyers, and Dr. Gail Burke. It is well understood that "only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Rogers v. Lilly*, 292 Fed. Appx. 423, 428 n.3 (6th Cir., Aug. 22, 2008) (quoting *Smoot v. United Transp. Union*, 246 F.3d 633, 649 (6th Cir. 2001)). Two of these items fall short of this threshold. First, the security video has not been properly authenticated. *See* Fed. R. Evid. 901(a) ("[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is"). While certain items of evidence are self-authenticating, the video in question does not qualify for such treatment. *See* Fed. R. Evid. 902. Second, the internal affairs report constitutes hearsay and Defendant has failed to establish the

applicability of any exception to the general rule against hearsay. Accordingly, in resolving the present motions the Court has not considered the security video or the internal affairs report. The evidence properly before the Court reveals the following.

On May 13, 2016, Defendant Johnson and Corrections Officer Eric Meyers were tasked with escorting Plaintiff to healthcare. (ECF No. 113 at PageID.1285, 1305). Johnson approached Plaintiff's cell and instructed Plaintiff to stand with his back to his cell door so that he could be secured in handcuffs. (*Id.* at PageID.1285). After Plaintiff was placed in handcuffs, Johnson and Meyers both observed Plaintiff's wrists, ensuring that the handcuffs were not secured too tightly. (*Id.* at PageID.1285, 1305). Specifically, Johnson "observed plenty of space between the cuffs and [Plaintiff's] wrist." (*Id.* at PageID.1285). Meyers likewise "could still see the palm of [Plaintiff's] hand through the bar of the cuffs." (*Id.* at PageID.1305). Plaintiff did not complain that his handcuffs were too tight. (*Id.* at PageID.1285, 1305).

Upon arriving at healthcare, Plaintiff was examined by Dr. Burke. (*Id.* at PageID.1411). During this examination Plaintiff did not complain of pain in his wrists or upper extremities. (*Id.*). At the conclusion of this examination, Johnson and Meyers escorted Plaintiff back to his cell without incident or complaint. (*Id.*). Approximately fifteen minutes later, Dr. Burke conducted rounds in Plaintiff's housing unit. (*Id.*). Plaintiff summoned Burke and informed her that "officers pulled him too hard and he hurt his wrists." (*Id.*). Dr. Burke examined Plaintiff's wrists, but

observed "no marks, cuts, abrasions, or any other identifiable marking on [Plaintiff's] arms." (*Id.*). Plaintiff "also moved his wrists in a normal manner." (*Id.*).

Approximately 60-90 minutes later, Meyers escorted a nurse who was making rounds through Plaintiff's housing unit. (*Id.* at PageID.1305-06). Plaintiff reported that "his cuffs were too tight, and his wrists hurt." (ECF No. 113 at PageID.1305-06; ECF No. 129 at PageID.1540). The nurse examined Plaintiff's wrists and observed full range of motion without evidence of discoloration or abnormality. (ECF No. 129 at PageID.1540). Finally, at some point later that day, Defendant observed Plaintiff "exercising in his cell" without complaint concerning his wrists. (ECF No. 113 at PageID.1285).

In response to Defendant's motion, Plaintiff has submitted four separate affidavits each refuting one of the affidavits submitted by Defendant. (ECF No. 129 at PageID.1503-10, 1550-54, 1556-61, 1667-71). In his affidavits, Plaintiff argues at length that the witnesses are lying and that he will prove at trial that such is the case. Plaintiff also asserts a great many legal conclusions and references the internal affairs report, which, as noted above, the Court cannot consider. On the question whether Defendant subjected him to excessive force, however, Plaintiff's affidavits fail to present admissible facts sufficient to create a genuine factual dispute on the question whether Defendant violated Plaintiff's Eighth Amendment rights.

In this respect, the Court notes that Plaintiff does assert that Defendant "fractur[ed]" both his wrists. (ECF No. 129 at PageID.1507). There is no evidence, however, that Plaintiff is a medical professional. Moreover, the evidence discussed above utterly refutes Plaintiff's assertion. Thus, the Court finds that this particular assertion is more appropriately characterized as unsubstantiated lay opinion rather than fact. *See, e.g., Jackson v. McKune*, 2007 WL 2461691 at *3 (D. Kan., Aug. 27, 2007) (recognizing the distinction between a prisoner's lay opinion regarding his medical condition and the professional diagnosis offered by medical professionals); *Beaton v. Montgomery*, 2016 WL 1376473 at *6 (D.S.C., Mar. 9, 2016) (same).

In sum, Defendant has presented evidence that he did not violate Plaintiff's rights. Plaintiff has failed to submit in response thereto evidence sufficient to create a genuine factual dispute necessitating a trial. Even interpreted in a light most favorable to Plaintiff, the record reveals that, at most, Plaintiff suffered a de minimis application of force insufficient to implicate the Eighth Amendment. Accordingly, the undersigned recommends that Plaintiff's motion for summary judgment be denied and Defendant's motion for summary judgment be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant Johnson's Motion for Summary Judgment (ECF No. 112) be granted; Plaintiff's Motion for Summary Judgment (ECF No. 127) be denied; and this matter terminated. The undersigned further recommends that appeal of this matter would not be taken

in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: December 6, 2019

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge