UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY DARNELL JONES,

    Plaintiff,

CASE NO. 1:17-CV-406

v.

HON. ROBERT J. JONKER

HEIDI E. WASHINGTON, *et al.*,

    Defendants.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 130) and Plaintiff's Objections (ECF No. 134). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objections. The Court finds the Magistrate

Judge's Report and Recommendation, which recommends granting Defendant Johnson's motion for summary judgment (ECF No. 112) and denying Plaintiff's motion for summary judgment (ECF No. 127), factually sound and legally correct.

The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law. Plaintiff's objections do not address the Report and Recommendation in a persuasive way. None of Plaintiff's objections change the fundamental analysis in this matter. Summary judgment in favor of Defendant Johnson, and against Plaintiff Jones, is proper for all the reasons the Report and Recommendation details.

The Court notes that it has viewed the security video of the incident about which Plaintiff complains.[1] The security video further undercuts Plaintiff's factual allegations and supports the defense position. In *Scott v. Harris*, 550 U.S. 327 (2007), the Court ruled that in considering a motion for summary judgment in the context of an excessive force claim, a court should "view[] the facts in the light depicted by the videotape." *Harris*, 550 U.S. at 380-81. The Court emphasized that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. *Id.* at 380. Nothing about the video supports a finding that defendants "maliciously and sadistically used force to cause harm" to Plaintiff. *See Wilkins v. Gaddy*, 559 US 34, 37-38 (describing the "core judicial inquiry" as "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

**ACCORDINGLY, IT IS ORDERED**:

---

[1] The Magistrate Judge did not consider the security video in his decision, finding the video insufficiently authenticated to be considered admissible evidence at this stage of the case. (ECF No. 130, PageID.1677.) With or without the video, the record amply supports the ruling in favor of Defendant Johnson and against Plaintiff the Magistrate Judge recommends.

1. The Report and Recommendation of the Magistrate Judge (ECF No. 130) is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Defendant Johnson's Motion for Summary Judgment (ECF No. 112) is **GRANTED**.

3. Plaintiff's Motion for Summary Judgment (ECF No. 127) is **DENIED**.

4. For the same reasons that the Court dismisses Plaintiff's claims, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).


Dated:   March 19, 2020            /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE